UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUBY F. SANTIAGO,

                          Plaintiff,

v.                                    DECISION & ORDER

ANDREW SAUL, Commissioner of          18-CV-6631-MJP
Social Security,

                          Defendant.
_____

## INTRODUCTION

**Pedersen, M.J.** Ruby F. Santiago ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 13.)

## BACKGROUND

On June 16, 2015, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability beginning on January 24, 2015. (Record[1] ("R.") 174.) On August 12, 2015, Plaintiff's claim was denied by the Social Security Administration, and she timely requested a hearing on September 23, 2015. (R. 108, 116–18.) She appeared and testified at a hearing held on January 8, 2017, before an

---

[1] Record refers to the filed record of proceedings from the Social Security Administration, filed on February 5, 2019, ECF No. 6.

Administrative Law Judge ("A.L.J."). (R. 64–95.) On March 16, 2018, the A.L.J. issued an Unfavorable Decision, finding the Plaintiff was not disabled. (R. 13–30.) Plaintiff timely filed a request for review by the Appeals Council on March 26, 2018. (R. 170–73.) The Appeals Council denied the request for review on July 6, 2018, thereby making the A.L.J.'s decision the final decision of the Commissioner. (R. 1–7.) Plaintiff timely filed this civil action in District Court, seeking Judicial Review of the A.L.J.'s decision. (Compl., ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174

F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

3

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

### *The A.L.J.'s Decision*

In his decision, the A.L.J. followed the required five step analysis for evaluating disability claims. (R. 17.) Under step one of the process, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since April 24, 2015, the onset date. (R. 12.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: fibromyalgia; arthritis; carpal tunnel syndrome; depression; anxiety; post traumatic stress disorder; bipolar disorder; and obesity. 20 C.F.R. § 416.920(c). (R. 18.) At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 19.) At step four, the A.L.J. concluded that Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except the claimant is able to perform simple tasks; have occasional interaction with coworkers and the general public; have occasional exposure to respiratory irritants; frequently finger and hand; and tolerate exposure to moderate noise. (R. 20.) The A.L.J. determined that Plaintiff was unable to perform past relevant work. (R. 24.) The A.L.J. proceeded on to step five and found that jobs

4

existed in the national and regional economy that Plaintiff could perform. (R. 24–26.) Accordingly, the A.L.J. found that Plaintiff was not disabled. (R. 26.)

*Plaintiff's Contentions*

Plaintiff contends that the A.L.J. erred in two respects. First, Plaintiff claims that the A.L.J. found the opinion of Amanda Slowik, PsyD., a consulting psychiatrist, was worth "significant weight," but did not adequately address why the A.L.J. did not rely on the opinion with regards to maintaining a schedule and in dealing with stress. (Pl.'s Mem. of Law at 9, Apr. 8. 2019, ECF No. 8-1.) Second, Plaintiff claims that the A.L.J. incorrectly discounted Plaintiff's subjective complaints. (*Id. a*t 9 & 13.)

**ANALYSIS**

Dr. Slowik saw Plaintiff on July 29, 2015, for a consultative examination. Dr. Slowik found that the Plaintiff had mild limitations in following simple directions, performing simple tasks, and maintaining attention and concentration. She found Plaintiff had a moderate limitation in maintaining a schedule, and learning new tasks and performing complex tasks; a moderate to marked limitation in relating with others, and making appropriate decisions; and a marked limitation in dealing with stress. (R. 338.) "Difficulties are caused by distractibility, cognitive deficits, personality dysfunction, and anxiety." (R. 338.) Plaintiff testified that taking tests and sitting in a class were too stressful, which was why she could not finish a criminal justice degree. (R. 77.) She reported that she only made it through barber school with the help of her husband. (R. 77–78.) She also reported that she experienced fatigue and drowsiness on certain days, and morning drowsiness due to her psychiatric medications. (R. 84.)

5

The A.L.J. found that Dr. Slowik's medical opinion was worth "significant weight" for consistency with the record. (R. 22–23.) In that regard, Dr. Slowik's medical source statement was as follows:

> The claimant's ability to follow and understand simple directions and instructions, perform simple tasks independently, and maintain attention and concentration is mildly limited. The claimant's ability to maintain a regular schedule, learn new tasks, and perform complex tasks independently is moderately limited. The claimant's ability to make appropriate decisions and relate adequately with others is moderately to markedly limited. The claimant's ability to appropriately deal with stress is markedly limited. Difficulties are caused by distractibility, cognitive deficits, personality dysfunction, and anxiety.
>
> The results of the present evaluation appear to be consistent with psychiatric and cognitive problems, and this may significantly interfere with the claimant's ability to function on a daily basis.

(R. 338.) The A.L.J. determined that Plaintiff could perform light work except she could only "perform simple tasks; have occasional interaction with coworkers and the general public; have occasional exposure to respiratory irritants; frequently finger and hand [sic]; and tolerate exposure to moderate noise." (R. 20.) The A.L.J. noted that "the residual functional assessment account[s] for the claimant's limitations [by] restricting the claimant to performing only simple tasks." (R. 22.) The A.L.J. noted that the RFC was supported by Dr. Slowik, and that it "accounts for the claimant's problems with attention and social interaction. It accounts for the claimant's physical limitations. No additional limitations are warranted." *(*R. 24.) However, as shown above, Dr. Slowik opined to moderate limitations in maintaining a schedule, making appropriate decisions, and dealing with stress, as well as marked limitations in dealing appropriately with stress. The A.L.J.'s RFC determination did not consider those limitations:

6

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant is able to perform simple tasks; have occasional interaction with coworkers and the general public; have occasional exposure to respiratory irritants; frequently finger and hand; and tolerate exposure to moderate noise.

(R. 20.) In his analysis of Dr. Slowik's medical source statement, the A.L.J. stated:

> In sum, the above residual functional capacity assessment is supported by the opinion of Dr. Slowik. It is also supported by the treatment notes. The residual functional capacity accounts for the claimant's problems with attention and social interaction. It also accounts for the claimant's physical limitations. No additional limitations are warranted.

(R. 24.)

The A.L.J. does not attribute Plaintiff's RFC limitations to a specific medical opinion. An "A.L.J. is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). An A.L.J.'s RFC determination is a "medical" question. There is no requirement that an RFC finding correspond directly to a *specific* medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. Jan. 25, 2013) (summ. order) (A.L.J.'s conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision"); *see also Chapo v. Astrue*, 682 F.3d 1285, 1288–89 (10th Cir. 2012) (there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question"). Agency regulations required the A.L.J. to assess Plaintiff's RFC based on all relevant medical and other evidence, including any lay statements or information about what Plaintiff could do. 20 C.F.R. §§ 416.945(a)(3), 416.946(c).

7

However, when only portions of a medical opinion are adopted, the A.L.J. must explain why the other portions are rejected. *Chmura v. Berryhill*, No.16-CV-205-FPG, 2017 WL 1829728 at *3 (W.D.N.Y. 2017) (citing *Raymer v. Colvin*, No. 14-CV-6009-MWP, 2015 WL 5032669, at *5 (W.D.N.Y. 2015)). "Thus, when an A.L.J. adopts only portions of a medical opinion, he must explain why he rejected the remaining portions." *Dotson v. Berryhill*, 2018 WL 3064195, at *3 (W.D.N.Y. 2018) (citing *Raymer*, 2015 WL 5032669, at *5.) Here, the A.L.J. does not explain why he rejected the rest of Dr. Slowik's opinion. An A.L.J. may not credit some of a doctor's finding while ignoring other significant deficits that the doctor identifies. *Shaw v. Carter*, 221 F.3d 126, 135 (2d Cir. 2000). Under the Commissioner's rules, if the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Soc. Sec. Ruling 96–8p (1996). "While the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' he cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y.1995) (quoting *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)). The plaintiff is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits. *Torres v Barnhart*, No. Cv-01-6051, 2005 WL 147412, at 7, 2005 U.S. Dist. LEXIS 937, at *19–20 (citing *Gecevic*, 882 F. Supp. at 285–286). The ALJ was further required to explain why Dr. Coniglio's opinion was not adopted, since his medical opinion conflicts with the ALJ's RFC assessment.

> Where the A.L.J. explains why he credited some portions of the medical opinion evidence and did not credit others, he has not substituted his own opinion [*22] for that of a medical source. *Rivera v. Berryhill*, 312 F. Supp. 3d 375, 380 (W.D.N.Y. 2018) (finding that A.L.J.'s determinations with respect to weighing of opinion evidence was proper where the "A.L.J. discussed the medical opinion evidence, set forth his reasoning for the weight afforded to each opinion, and cited specific evidence in the record which supported his determination."). The A.L.J. carefully reviewed the medical evidence in the record, including the results of Riley's physical examinations, and explained in each instance why he credited some portions of the opinion evidence over others. For this reason, the A.L.J. did not substitute his own opinion for that of any medical source.

*Riley v. Comm'r of Soc. Sec.*, No. 18-CV-6538-MJP, 2020 U.S. Dist. LEXIS 38568, at *21-22 (W.D.N.Y. Mar. 5, 2020).

Although the A.L.J. gave significant weight to Dr. Slowik's opinion, he did not address Plaintiff's moderate limitations in maintaining a schedule and making decisions, and her marked limitation in dealing with stress. (R.24, R. 338.) Because there was no explanation as to why those limitations were not considered in his determination of Plaintiff's RFC, the case must be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 8) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 11) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

Dated: March 30, 2020  /s/ Mark W. Pedersen
       Rochester, New York  MARK. W. PEDERSEN
                                             United States Magistrate Judge